1 | Mark D. Kremer (SB# 100978)
  | *m.kremer@conklelaw.com*
2 | Mark C. Riedel (SB# 129205)
  | *m.riedel@conklelaw.com*
3 | CONKLE, KREMER & ENGEL
  | Professional Law Corporation
4 | 3130 Wilshire Boulevard, Suite 500
  | Santa Monica, California 90403-2351
5 | Phone: (310) 998-9100 • Fax: (310) 998-9109

6 | Attorneys for Defendants All Fashions
  | Clothing, Inc., Ross Stores, Inc. and DDs
7 | Discounts

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 | UNICOLORS, INC.,                    | CASE No. 2:15-cv-08475-BRO-PJW

13 |              Plaintiff,             | DISCOVERY MATTER

14 |    v.                               | **STIPULATED PROTECTIVE ORDER**

15 | ALL FASHIONS CLOTHING, INC.; a
   | New York Corporation; ROSS          | Honorable Beverly Reid O'Connell,
16 | STORES, INC. a California            | Judge Presiding
   | Corporation; DDs Discounts, a
17 | California Corporation; and DOES 1-  | Honorable Patrick J. Walsh, Magistrate
   | 20, inclusive,                      | Judge
18 |
   |              Defendants.            | Complaint filed:    October 29, 2015
19 |                                     | Trial Date:         None

20

21

22

23

24

25

26

27

28

0082.005\9985

1    Pursuant to Fed.R.Civ.P. 26(c) and Civil Local Rule 79-5, the parties to this

2  lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order to

3  govern the handling of information and materials produced in the course of discovery

4  or filed with the Court in this action;

5

6    **GOOD CAUSE STATEMENT**

7    It is the intent of the parties and the Court that information will not be designated

8  as confidential for tactical reasons in this case and that nothing shall be designated

9  without a good faith belief that there is good cause why it should not be part of the

10  public record of this case. Examples of confidential information that the parties may

11  seek to protect from unrestricted or unprotected disclosure include:

12

13    (a) Information that is the subject of a non-disclosure or confidentiality

14  agreement or obligation;

15

16    (b) The names, or other information tending to reveal the identity of a party's

17  supplier, vendor, designer, distributor, or customer;

18

19    (c) Agreements with third-parties, including license agreements, distributor

20  agreements, manufacturing agreements, design agreements, development agreements,

21  supply agreements, sales agreements, or service agreements;

22

23    (d) Research and development information;

24

25    (e) Proprietary engineering or technical information, including product design,

26  manufacturing techniques, processing information, drawings, memoranda and reports;

27

28

0082.005\9985

-1-
STIPULATED PROTECTIVE ORDER

(f) Information related to budgets, sales, profits, costs (including overhead, whether specifically allocated or otherwise), margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

(g) Information related to internal operations including personnel information;

(h) Information related to past, current and future product development;

(i) Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j) Trade secrets (as defined either by the jurisdiction in which the information is located or by the State of California, whichever definition may be broader).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party.

Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action.

0082.005\9985

-2-

STIPULATED PROTECTIVE ORDER

1.  Designated Material.

    1.1    Information or material may be designated for confidential treatment pursuant to this Protective Order by any party, person or entity producing or lodging it in this action (the "Designating Party"), if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.

    1.2    Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials designated under this Protective Order shall be used by the parties and persons receiving such Designated Materials solely for conducting the above-captioned litigation and any appellate proceeding relating thereto. Designated Material shall not be used by any party or person receiving them for any business or any other purpose. No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the specific terms of this Protective Order. For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

2.  Access to Designated Materials.

    2.1    Materials Designated "CONFIDENTIAL": Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential. Before designating any specific information or material "CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule

0082.005\9985
-3-
STIPULATED PROTECTIVE ORDER

1  26(c) of the Federal Rules of Civil Procedure. Such information may include, but is not

2  limited to:

3

4        (a)    The financial performance or results of the Designating Party,

5  including without limitation income statements, balance sheets, cash flow analyses,

6  budget projections, and present value calculations;

7        (b)    Corporate and strategic planning by the Designating Party, including

8  without limitation marketing plans, competitive intelligence reports, sales projections

9  and competitive strategy documents;

10        (c)    Names, addresses, and other information that would identify

11  customers or prospective customers, or the distributors or prospective distributors of the

12  Designating Party;

13        (d)    Technical data, research and development data, and any other

14  confidential commercial information, including but not limited to trade secrets of the

15  Designating Party;

16        (e)    Information used by the Designating Party in or pertaining to its

17  trade or business, which information the Designating Party believes in good faith has

18  competitive value, which is not generally known to others and which the Designating

19  Party would not normally reveal to third parties except in confidence, or has undertaken

20  with others to maintain in confidence;

21        (f)    Information which the Designating Party believes in good faith falls

22  within the right to privacy guaranteed by the laws of the United States or California;

23  and

24        (g)    Information which the Designating Party believes in good faith to

25  constitute, contain, reveal or reflect proprietary, financial, business, technical, or other

26  confidential information.

27

28

(h)  The fact that an item or category is listed as an example in this or other sections of this Protective Order does not, by itself, render the item or category discoverable.

2.1.0 Materials designated "CONFIDENTIAL" may be disclosed only to the following Designees:

2.1.1 Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

2.1.2 Counsel retained as outside litigation attorneys of record in this action, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations. "Counsel" explicitly excludes any in-house counsel whether or not they are attorneys of record in this action.

2.1.3 Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section 2.3. Each consultant must sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions.

2.1.4 A party's officers and/or employees, which may include in-house counsel.

1    2.1.5 The Court, its clerks and secretaries, and any court reporter
2    retained to record proceedings before the Court;

3

4    2.2    Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
5    EYES ONLY": Subject to the limitations in this Protective Order, Designated Materials
6    may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the
7    purpose of preventing the disclosure of information or materials which, if disclosed to
8    the receiving party, might cause competitive harm to the Designating Party.
9    Information and material that may be subject to this protection includes, but is not
10   limited to, technical and/or research and development data, intellectual property,
11   financial, marketing and other sales data, and/or information having strategic
12   commercial value pertaining to the Designating Party's trade or business. Nothing in
13   paragraph 2.1 shall limit the information or material that can be designated "HIGHLY
14   CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this paragraph. Before
15   designating any specific information "HIGHLY CONFIDENTIAL – ATTORNEYS'
16   EYES ONLY," the Designating Party's counsel shall make a good faith determination
17   that the information warrants such protection.

18

19   2.2.0 Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
20   ONLY" materials may be disclosed only to the following Designees:

21

22   2.2.1 Persons who appear on the face of Designated Materials marked "HIGHLY
23   CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author, addressee, or
24   recipient thereof;

25

26   2.2.2 Counsel for the parties to this action, as defined in section 2.1.2;

27

28   2.2.3 Consultants for the parties to this action, as defined in section 2.1.3; and

2.2.4 The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court.

2.2.5 Court reporters retained to transcribe depositions.

2.3 If any party wishes to disclose information or materials designated under this Protective Order as "HIGHLY CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Consultant, it must first identify that individual to the Counsel for the Designating Party and submit a Certification of Consultant pursuant to Section 3. CONFIDENTIAL – ATTORNEYS' EYES ONLY

2.4 Legal Effect of Designation. The designation of any information or materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely to facilitate the conduct of this litigation. Neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the Designated Materials constitute or contain any trade secret or confidential information. Except as provided in this Protective Order, no party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

2.5 Nothing herein in any way restricts the ability of the receiving party to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party. Receiving Party may not use those Designated Materials marked by a Designating Party to examine or cross-examine an employee or consultant, or other individual or corporate representative who is not associated with or employed by such Designating Party. If a party wishes to use Designated Material during an

1   examination of employee or consultant or another individual associated with a non-
2   Designating Party, and the Designating Party objects to such use, the parties shall hold
3   a meet and confer to resolve the dispute. If the meet and confer is unsuccessful, the
4   parties may contact the courtroom deputy to the Magistrate Judge and request an
5   informal discovery conference, to be held telephonically, to resolve the dispute.

6

7       2.6    The parties agree that the Plaintiff may be provided the alleged infringers'
8   full identities, each alleged infringers' total revenues, and total gross profits numbers,
9   notwithstanding any party's designation of documents showing such figures as
10  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
11  ONLY". Nothing in this section 2.6, however, shall impose any obligation on any party
12  to produce in discovery records, figures, or calculations in any particular format or
13  manner.   The parties further agree that additional alleged infringers revealed in
14  documents designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –
15  ATTORNEYS' EYES ONLY" may be added to a lawsuit.

16

17  3.    Certificates Concerning Designated Materials. Each Consultant as defined in
18  section 2.1.3, to whom any Designated Materials will be disclosed shall, prior to
19  disclosure of such material, execute the Acknowledgement of Stipulated Protective
20  Order in the form attached hereto as Exhibit A. Counsel who makes any disclosure of
21  Designated Materials shall retain each executed Acknowledgement of Stipulated
22  Protective Order and shall circulate copies to all Counsel for the opposing party
23  concurrently with the identification of the Consultant to the attorneys for the
24  Designating Party pursuant to Section 2.3.o

25

26  4.    Use of Designated Materials by Designating Party. Nothing in this Protective
27  Order shall limit a Designating Party's use of its own information or materials, or
28  prevent a Designating Party from disclosing its own information or materials to any

1   person. Such disclosure shall not affect any designations made pursuant to the terms of

2   this Protective Order, so long as the disclosure is made in a manner that is reasonably

3   calculated to maintain the confidentiality of the information.

4

5   5.      Manner of Designating Written Materials.

6        5.1    Documents, discovery responses and other written materials shall be

7   designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

8   EYES ONLY" whether in whole or in part, as follows.

9

10       5.2    The producing party shall designate materials by placing the legend

11  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

12  on each page so designated prior to production. If the first or cover page of a multi-page

13  document bears the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

14  ATTORNEYS' EYES ONLY" the entire document shall be deemed so designated, and

15  the absence of marking each page shall not constitute a waiver of the terms of this

16  Order. If the label affixed to a computer disk containing multiple files bears the legend

17  "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire

18  disk shall be deemed so protected, and the absence of marking of each file shall not

19  constitute a waiver of the terms of this Order.

20

21       5.3    A designation of "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" as to any item, thing or object that cannot otherwise be

23  categorized as a document, shall be made: (1) by placing the legend

24  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

25  on the thing, object or container within which it is stored; or (2) by specifically

26  identifying, in writing, the item and the level of confidentiality designation, where such

27  labeling is not feasible.

28

5.4    When a party wishes to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

5.4.1 Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

5.4.2 By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

5.4.3. A party shall be permitted to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

(a)    The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, but not limited, to the employment relationship and the vendor-customer relationship); and

(b)    The material being produced would be considered confidential material of the Designating Party under Section 2.1 of this Agreement if it were in the possession of the Designating Party.

5.5    Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

5.5.1 Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

5.5.2 Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

5.5.3 If "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s). Nothing in this paragraph, however, shall limit any damages or relief (whether legal or equitable) which may be available to the Designating Party in connection with any unauthorized disclosure.

6. Manner of Designating Deposition Testimony.

6.1 Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2    Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

6.3    Within thirty (30) days after a deposition transcript is certified by the court reporter, any party may designate pages of the transcript and/or its exhibits as Designated Material. During such thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" (except for those portions identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which shall be treated accordingly from the date of designation). If any party so designates such material, the parties shall provide written notice of such designation to all parties within the thirty (30) day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

7.    Copies. All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

8.    Court Procedures.

8.1    Disclosure of Designated Material to Court Officials. Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, expert, technical advisor or Third-Party Consultant appointed by the Court), and to the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

1    8.2    Filing Designated Materials with the Court. Nothing in this Order shall

2  vary the requirements for filing under Seal imposed by the Federal Rules of Civil

3  Procedure or the Local Rules of this Court. If a party wishes to file with the Court any

4  document, transcript or thing containing information which has been designated

5  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6  the Party shall designate the material as set forth herein and file it with the Court in an

7  application for filing under seal under the Local Rules of this Court, with the material

8  bearing the legend:

9

10    "[CONFIDENTIAL, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY] INFORMATION SUBJECT TO PROTECTIVE ORDER."

12

13    The Application for Filing under Seal must show good cause for the under seal

14  filing. Filing the document under seal shall not bar any party from unrestricted use or

15  dissemination of those portions of the document that do not contain material designated

16  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY." If a filing party fails to designate information as "CONFIDENTIAL," or

18  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any party who in good

19  faith believes that designation and filing under seal is required by this Protective Order

20  may move the Court to file said information under seal within five (5) days of learning

21  of the defective filing. Notice of such designation shall be given to all parties. Nothing

22  in this provision relieves a party of liability for damages caused by failure to properly

23  file Designated Material under seal.

24

25    8.3    Retrieval of Designated Materials. The party responsible for lodging or

26  filing the Designated Materials shall be responsible for retrieving such Designated

27  Materials from the Court following the final termination of the action (including after

28  any appeals).

9.    Objections

   9.1    A party may challenge any designation under this Protective Order at any time, on the grounds that the information or material does not meet the standards of Sections 1 and 2, by following the procedure of Local Rule 37 of this Court.

   9.2    The parties shall meet and confer in good faith prior to the filing of any motion under this section.

10.    Client Communication. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

11.    No Prejudice.

   11.1    This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

   11.2    Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

   11.3    If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including

1 appropriately stamped substitute copies of the Designated Material. If the parties
2 collectively agree to replacement of the Designated Material, then the documents will
3 be so designated. Within five (5) business days of receipt of the substitute copies, the
4 receiving party shall return the previously unmarked or mismarked items and all copies
5 thereof. If the parties do not collectively agree to replacement of the Designated
6 Material, the producing party shall comply with the procedure of Local Rule 37 in
7 seeking protection for the inadvertently produced material.

8

9      11.4   Neither the provisions of this Protective Order, nor the filing of any
10 material under seal, shall prevent the use in open court, in deposition, at any hearing, or
11 at trial of this case of any material that is subject to this Protective Order or filed under
12 seal pursuant to its provisions. At deposition, the party using Designated Material must
13 request that the portion of the proceeding where use is made be conducted so as to
14 exclude persons not qualified to receive such Designated Material. At trial, the party
15 using Designated Material must request that the portion of the proceeding where use is
16 made be conducted so as to exclude persons not qualified to receive such Designated
17 Material. All confidentiality designations or legends placed pursuant to this Stipulated
18 Protective Order shall be removed from any document or thing used as a trial exhibit in
19 this case. The removal of such confidentiality designations or legends under the
20 preceding sentence shall not affect the treatment of such documents and things as
21 Designated Material under this Stipulated Protective Order. Upon request of a party, the
22 parties shall meet and confer concerning the use and protection of Designated Material
23 in open court at any hearing. Prior to the pretrial conference, the parties shall meet and
24 confer concerning appropriate methods for dealing with Designated Material at trial.

25

26      11.5   Any inadvertent production of documents containing privileged
27 information shall not be deemed to be a waiver of the attorney-client privilege, work
28 product doctrine, or any other applicable privilege or doctrines. All parties specifically

1  reserve the right to demand the return of any privileged documents that it may produce

2  inadvertently during discovery if the producing party determines that such documents

3  contain privileged information. After receiving notice of such inadvertent production by

4  the producing party, the receiving party agrees to make reasonable and good faith

5  efforts to locate and return to the producing party all such inadvertently produced

6  documents.

7

8  12.    Modification and Survival.

9  12.1   Modification. The parties reserve the right to seek modification of this

10  Protective Order at any time for good cause. The parties agree to meet and confer prior

11  to seeking to modify this Protective Order for any reason. The restrictions imposed by

12  this Protective Order may only be modified or terminated by written stipulation of all

13  parties or by order of this Court. Parties entering into this Protective Order will not be

14  deemed to have waived any of their rights to seek later amendment to this Protective

15  Order.

16

17  12.2   Trial. The parties understand that this Protective Order does not extend to

18  trial of this Action. Once the case proceeds to trial, all of the information that was

19  designated as confidential and/or kept and maintained pursuant to the terms of this

20  Protective Order becomes public and will be presumptively available to all members of

21  the public, including the press, unless good cause is shown to the district judge in

22  advance of the trial to proceed otherwise.

23

24  12.3   Survival and Return of Designated Material. This Protective Order shall

25  survive termination of this action prior to trial of this action. Upon final termination of

26  the action prior to trial of this action, and at the written request of the Designating

27  Party, all Designated Material, including deposition testimony, and all copies thereof,

28  shall be returned to counsel for the Designating Party (at the expense of the Designating

Party) or (at the option and expense of the requesting party) shall be destroyed. Upon request for the return or destruction of Designated Materials, counsel shall certify their compliance with this provision and shall serve such certification to counsel for the Designating Party not more than ninety (90) days after the written request to return or destroy Designated Materials. Counsel who have submitted one or more Certificate(s) prepared pursuant to Section 3 do not need to retain such Certificate(s) past the ninety (90) day period.

13.  No Contract. This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

14.  Court's Retention of Jurisdiction. The Court retains jurisdiction after final termination of the action prior to trial, to enforce this Stipulation.

15.  Exception for Public Information. Nothing in this Stipulation shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder. However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

16.  Use for This Litigation Only

16.1  Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action or subsequent litigation involving alleged infringers revealed in this litigation.

16.2  In the event that any party and/or recipient of Designated Material pursuant to this Order is served with legal process or otherwise requested to disclose any Designated Material (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.

16.3  The Parties acknowledge and agree that Receiving Party may not use Designated Material marked by a Designating Party to examine or cross-examine an employee or consultant, or other individual or corporate representative who is not associated with or employed by such Designating Party.

17.  Miscellaneous.

17.1  Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any Designated Material covered by this Order. Moreover, this Order shall not preclude or limit any Party's right to seek further and additional protection against or limitation upon production of documents produced in response to discovery.

17.2  Other Privileges.  Nothing in this Order shall require disclosure of materials that a Party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. This provision shall not, however, be construed to preclude any Party from moving the Court for an order directing the

1   disclosure of such materials where it disputes the claim of attorney-client privilege or

2   attorney work-product doctrine.

3

4       17.3   Self-Disclosure.   Nothing in this Order shall affect the right of the

5   Designating Party to disclose the Designating Party's own Confidential information or

6   items to any person or entity.  Such disclosure shall not waive any of the protections of

7   this Order.

8

9       17.4   In the event the parties dispute the authenticity or application of the

10  business records exception to the hearsay rule as to any Designated Material covered by

11  this agreement, the parties shall meet and confer, and if they are unable to resolve the

12  dispute, submit the matter for resolution by the Magistrate Judge.  Provided, however,

13  the mere production of the Designated Material under this agreement, shall create no

14  inference that the Designated Material is authentic or subject to the business records

15  exceptions.

16

17                               **<u>STIPULATION</u>**

18       IT IS HEREBY STIPULATED by and among the parties, through their

19  respective counsel, this Honorable Court consenting, that the foregoing Stipulated

20  Protective Order may be entered in this action.

21

22       <u>SO STIPULATED</u>.

23

24  Dated:  July 6, 2016                    Mark D. Kremer

25                                          Mark Riedel, members of
                                            CONKLE, KREMER & ENGEL
26                                          Professional Law Corporation

27

28

1

2

3          By: /s/Mark Riedel

4          Mark Riedel
           Attorneys for Defendants All Fashions
5          Clothing, Inc., Ross Stores, Inc. and DDs
           Discounts
6

7

8   Dated: July 6, 2016          C. Yong Jeong
                                  Amy Choe
9                                 JEONG & LIKENS, L.C.

10

11

12          By: /s/C. Yong Jeong

13          C. Yong Jeong
            Attorneys for Plaintiff Unicolors, Inc.

14

15  Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other
    signatories listed, and on whose behalf this filing is submitted, concur in the filing's
16  content and have authorized the filing.

17

18

19

20  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

21

22

23

24  Dated: 7/11/16

25

26

27  Patrick J. Walsh
    United States District Court, Magistrate Judge

28

0082.005\9985                    -20-

**Exhibit A**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNICOLORS, INC.. | CASE No. 2:15-cv-08475-BRO-PJW |
| Plaintiff, | DISCOVERY MATTER |
| v. | **STIPULATED PROTECTIVE ORDER** |
| ALL FASHIONS CLOTHING, INC.; a New York Corporation; ROSS STORES, INC. a California Corporation; DDs Discounts, a California Corporation; and DOES 1-20, inclusive, | Honorable Beverly Reid O'Connell, Judge Presiding |
| | Honorable Patrick J. Walsh, Magistrate Judge |
| Defendants. | Complaint filed:     October 29, 2015 |
| | Trial Date:            None |

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER entered in the above captioned litigation, and that he/she fully understands and agrees to abide by the obligations and conditions thereof.

Dated: _____

_____
(Signature)

_____
(Print Name)